TAYLOR, Judge.
Karen Horde was convicted of promoting prostitution in the first degree in violation of § 13A-12-111, Code of Alabama 1975, in that she knowingly advanced or -profited from the prostitution of her daughter, a person less than 16 years of age. One of Mrs. Horde’s regular customers made the complaint against her for promoting her daughter and was the state’s principal witness, having had the conversation with her in which they negotiated for her daughter.
At the trial, a taped recording of this conversation was offered; it was, for the most part, difficult or impossible to understand. The tape was eventually withdrawn from evidence. This witness testified that Mrs. Horde and he discussed his having sex with Mrs. Horde’s daughter, a juvenile under 16, in exchange for $120 or that equivalent value in clothing. The statute states:
“(a) A person commits the crime of promoting prostitution in the first degree if he knowingly:
(1) advances prostitution by compelling a person by force or intimidation to engage in prostitution, or profits from such coercive conduct by another, or
(2) advances or profits from prostitution of a person less than 16 years of age.
(b) Promoting prostitution in the first degree is a class B felony.”
The terms employed are defined in § 13A-12-110 as follows:
“The following definitions are applicable in sections 13A-12-111 through 13A-12-113:
(1) ADVANCE PROSTITUTION. A person ‘advances prostitution’ if, acting other than as a prostitute or a patron of a prostitute, he knowingly causes or aids a person to commit or engage in prostitution, procures or solicits patrons for prostitution, provides persons or premises for prostitution purposes, operates or assists in the operation of a house of prostitution or a prostitution enterprise.
(2) PROFIT FROM PROSTITUTION. A person ‘profits from prostitution’ if, acting other than as a prostitute receiving compensation for personally-rendered prostitution services, he accepts or receives money or other property pursuant to a prior agreement with any person whereby he participates or is to participate in the proceeds of prostitution activity.”
I
The appellant contends first that the motion for judgment of acquittal should have been granted. The testimony of the customer made out the elements of the case. The evidence was sufficient to support a finding of guilt, and the motion was properly denied. It is doubtful that the issue was properly preserved for our review. The following transpired.
Counsel:
*164 “We have got an inaudible tape, and based on a transcript that has been prepared by people or peoples [sic] and it is just not the best evidence in this case, and the tape is totally inaudible.”
The court:
“Okay, if you make a motion for judgment of acquittal or a directed verdict, whatever, on those grounds, denied.” Rule 12.1(a) of the Temporary Rules of
Criminal Procedure provides:
“The court on motion of the defendant stating grounds therefor, or on its own motion, shall direct the entry of a judgment of acquittal as to any charged offense, or as to any lesser included offense, for which the evidence is insufficient to support a finding of guilty beyond a reasonable doubt.”
II
Appellant contends next that since no act of prostitution was consummated that the state failed to carry its burden of proof. This argument was rejected in Livingston v. State, 419 So.2d 270 (Ala.Cr.App.), cert. denied, 419 So.2d 270 (Ala.1982). Accordingly, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.